UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                           :

JOHN WILEY & SONS, INC.,

                           :        12 Civ. 1568 (WHP)

            Plaintiff,       :        <u>MEMORANDUM & ORDER</u>

        -against-          :

JOHN DOE NOS. 1-44,        :

            Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/21/12
```

WILLIAM H. PAULEY III, District Judge:

        Plaintiff John Wiley & Sons, Inc. ("Wiley") brings this copyright and trademark infringement against action forty-four John Doe Defendants, seeking injunctive relief and damages. Defendant John Doe No. 15 ("Doe No. 15") moves to dismiss or sever all claims against him.  Doe No. 15 also moves to quash the subpoena addressed to CSC Holdings, LLC (i.e., "Optimum") seeking his identity or, in the alternative, for a protective order.  For the foregoing reasons, Doe No. 15's motion is denied.

## BACKGROUND

        Wiley, a publisher of books and journal articles, contends that Defendants infringed its copyrights and trademarks by using an on-line file sharing system known as BitTorrent.  (Complaint dated March 2, 2012 ("Compl.") ¶ 7.)  When using BitTorrent, individuals simultaneously receive and send portions of a particular file.  After completing a download, a BitTorrent user continuously distributes copies of the file to other users until he or

she manually disconnects from the software.  (Compl. ¶ 14.)  A group of users sharing the same

file is known colloquially as a "swarm."  See Digital Sin, Inc., v. Does 1-27, No. 12 Civ. 3873

(JMF), 2012 WL 2036035, at *1 (S.D.N.Y. June 6, 2012).  Because Wiley only knew

Defendants by their Internet Protocol ("IP") addresses, it served subpoenas on various internet

providers to obtain Defendants' names.


## DISCUSSION

I.      Joinder

Federal Rule of Civil Procedure 20(a) permits a plaintiff to join multiple

defendants if "any right to relief is asserted against them… arising out of the same transaction,

occurrence, or series of transactions or occurrences."  "[J]oinder of claims, parties and remedies

is strongly encouraged," and "the impulse is toward entertaining the broadest possible scope of

action consistent with fairness to the parties[.]"  United Mine Workers of Am. v. Gibbs, 383 U.S.

715, 724 (1966).

Doe No. 15 seeks to dismiss or sever all claims against him.  But dismissal is

unwarranted, as "Rule 20 is not a basis for dismissal but actually grounds to sever parties from

an action."  Arista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL

414060, at *8 (N.D.N.Y. Feb. 18, 2009), aff'd sub nom., Arista Records, LLC v. Doe 3, 604 F.3d

110 (2d Cir. 2010).  Further, several judges in this district have concluded that where a plaintiff

brings copyright infringement claims against members of the same BitTorrent "swarm," the

defendants are properly joined due to the interconnected nature of the BitTorrent protocol.  See,

e.g., Digital Sin, Inc., 2012 WL 2036035, at *2; see also Digital Sin, Inc. v. Does 1-176, 279

F.R.D. 239, 244 (S.D.N.Y. 2012).  On the other hand, some judges have held that defendants in

BitTorrent cases "merely commit[ed] the same type of violation in the same way," making

joinder improper.  Digital Sin, Inc. v. John Does 1-245, No. 11 Civ. 8170 (CM), 2012 WL

1744838, at *2 (S.D.N.Y. May 15, 2012); see also Next Phase Distribution, Inc. v. John Does 1-

27, ---F. Supp. 2d----, 2012 WL 3117182, at *4 (S.D.N.Y. 2012); In re BitTorrent Adult Film

Copyright Infringement Cases, 11 Civ. 3995 (DRH)(GRB), Nos. 12 Civ. 1147 (JS)(GRB), 12

Civ. 1150 (LDW)(GRB), 12 Civ. 1154 (ADS)(GRB), 2012 WL  1570765, at *11-*12 (E.D.N.Y

May 1, 2012).

   Here, Wiley does not allege that all Defendants participated in the same "swarm."

Nevertheless, Doe No. 15's request to be severed from the other Defendants is premature.  This

action is in its infancy and Doe No. 15 will have ample time to challenge his inclusion in the

litigation once the record is more fully developed.  See Sony Music Entm't Inc. v. Does 1-40,

326 F. Supp. 2d 556, 568 (S.D.N.Y 2004); see also John Wiley & Sons, Inc. v. Does Nos. 1-27,

No. 11 Civ. 7627 (WHP), 2012 WL 364048, at *2 (S.D.N.Y. Feb. 3, 2012) (denying motion to

sever as premature); Arista Records, 2009 WL 414060, at *8 (same).  Accordingly, Doe No. 15's

motion to sever all claims against him is denied without prejudice.

II.  The Subpoena

   Wiley issued subpoenas in this action to obtain the identities of the various John

Doe defendants.  Doe No. 15 now urges this Court to quash the subpoena seeking his identity or,

in the alternative, to issue a protective order preventing disclosure of his identity.  Doe No. 15

claims that such relief is necessary because Wiley "is participating in a shake-down campaign,

where it initiates sham legal proceedings based on tenuous allegations, against anonymous

Defendants who deny any wrongdoing, in the hopes of extracting quick settlements." But Wiley merely seeks to obtain the names of individuals it believes to have infringed its copyrights and trademarks. Doe No. 15 also contends that an IP address is not a reliable means of identifying a specific BitTorrent user. This objection is also misplaced, as it challenges Doe No. 15's liability rather than the propriety of the subpoena. To the extent Doe No. 15 contests the merits of Wiley's claims, his argument is premature.

Because Doe No. 15 fails to identify any legal ground for shielding his identity from disclosure, the motion to quash is denied. Further, Doe No. 15's application for a protective order under Federal Rule of Civil Procedure 26(c) is denied because Doe No. 15 is not "a party or any person from whom discovery is sought[.]" In view of this disposition, Doe No. 15's request for attorney's fees and other sanctions is denied.

CONCLUSION

For the foregoing reasons, Doe No. 15's motion is denied in its entirety. The Clerk of the Court is directed to terminate the motion pending at ECF No. 10.

Dated: August 21, 2012
          New York, New York

                          SO ORDERED:

                          WILLIAM H. PAULEY III
                          U.S.D.J.

-4-

*Counsel of Record:*

Samantha A. Morrissey, Esq.
William I. Dunnegan, Esq.
Dunnegan LLC
350 Fifth Avenue
New York, NY 10118
*Counsel for Plaintiff*

Muhammad Ikhlas, Esq.
Samuel F. Denny, Esq.
The Denny Firm
295 Madison Ave., 12th Fl.
New York, NY 10017
*Counsel for Defendant Doe No. 15*